IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. <br><br> TIMOTHY BELL, MIKE SWANBERG, STEVEN PEPPA, RAYMOND DEAN, LARRY McNIFF, AND RICHARD ROWE, as Trustees of the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, <br><br> PAUL THOMPSON, TIMOTHY BELL, MIKE SWANBERG, LARRY McNIFF, STEVEN PEPPA, RAYMOND DEAN, as Trustees of the ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, <br><br> ARCHITECTURAL and ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, <br><br>       Plaintiffs, <br><br>  v. <br><br> DIMENSIONAL TECHNOLOGY, INC., <br><br>       Defendant. | Case No.: 11-7430 |

## ***COMPLAINT***

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al., by its attorney, Michael J. McGuire and the law firm of Gregorio & Associates, complain of the Defendant, DIMENSIONAL TECHNOLOGY, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The ARCHITECTURAL AND ORNAMENTAL IRON WORKS LOCAL NO.63 WELFARE FUND, et. al. (collectively referred to as the "Local 63 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, ("Local 63 Union").

3. The Local 63 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered in Oak Brook, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce, which has agreed to be bound by the terms of the Collective Bargaining Agreement whose terms required Defendant to pay fringe benefits to the Trust Funds.

6. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Iron Workers' Local No. 63 Trust Funds ("Trust Agreements").

7. The Defendant is required to make contributions to the Local 63 Trust Funds for each hour worked by its Iron Worker employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement. In addition, the Defendant is required to make contributions to the Local 63 Union measured by the hours worked by Iron Worker employees and/or Local 63 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Assessment Fund and IPAL. The Defendant is also liable for subcontracting ironwork to a company, which does not pay the contributions.

8.     The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

9.     The Defendant, DIMENSIONAL TECHNOLOGY, INC., breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit fringe benefit reports and contributions for the months of April, June, July and August 2011.

10.    As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

    a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

    b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

    c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A.    That the Defendant be ordered to submit reports and to pay all contributions for the months of April, June, July and August 2011.

B.    That the Defendant be ordered to pay the attorney fees and costs incurred by the Plaintiffs.

C.    That the Defendant be ordered to pay liquidated damages and interest or double interest.

D.    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

By:   /s/ Michael J. McGuire
       MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC# 6290180
Gregorio & Associates
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343